**UNITED STATES FEDERAL COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 0:23-cv-61308**

CARLOS NOEL MENDEZ,
an individual,
and MAGIC CITY ENTERTAINMENT LLC,
a Florida limited liability company,

    Plaintiffs,

vs.

GREICO CHEVROLET FORT LAUDERDALE LLC,
d/b/a GREICO CHEVROLET OF FORT LAUDERDALE,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiffs, CARLOS NOEL MENDEZ, an individual, and MAGIC CITY ETNRTAINMENT, LLC, a Florida limited liability company, hereby sue Defendants, GREICO CHEVROLET FORT LAUDERDALE LLC, d/b/a GREICO CHEVROLET OF FORT LAUDERDALE, a Florida limited liability company, and allege:

**Jurisdiction**

1. This Court has jurisdiction under the Federal Odometer Act, 49 U.S.C. §32710 and 28 U.S.C. §§1331 and 1337, and has supplemental jurisdiction over state claims under 28 U.S.C. §1367.

## Allegations as to Parties

2. At all times material hereto, Plaintiff CARLOS NOEL MENDEZ ("**Mr. Mendez**") was *sui juris* and a resident of Broward County, Florida.

3. At all times material hereto, Plaintiff MAGIC CITY ENTERTAINMENT, LLC ("**Magic City**"), was a Florida limited liability company with its primary place of business in Miami-Dade County, Florida.

4. Collectively, Mr. Mendez and Magic City are hereinafter referred to as "**Plaintiffs**."

5. Plaintiffs are each a "transferee" as said term is defined under 49 C.F.R. §580.3.

6. At all times material hereto, GREICO CHEVROLET FORT LAUDERDALE LLC, ("**Dealership**") was licensed by the State of Florida as a dealer conducting new and used automobile sales in Broward County, Florida.

7. At all times material hereto, the Dealership was a "dealer" as said term is defined under 49 U.S.C. §32702(2) and Florida Statute §320.77(1)(a) and a "transferor" as said term is defined under 49 C.F.R. §590.3.

## Factual Allegations Common to All Counts

8. On or about April 16, 2022, Mr. Mendez went to the Dealership's primary place of business in Broward County to purview used automobiles with the intent of purchasing a vehicle.

9. In the course of the initial discussion with the Dealership's salesperson, Mr. Mendez advised that he needed reliable transportation, free of mechanical defects or frame damage.

10. Mr. Mendez was directed by the Dealership to consider a 2021 Ford Escape Hybrid, with a Vehicle Identification Number ending in 51870 ("**Vehicle**") which the Dealership represented was recently traded-in by its prior owner, in excellent mechanical condition and free of any accident damage.

11. Unbeknownst to Mr. Mendez, at the time of the purchase of the Vehicle, the Vehicle had been previously titled in the name of Gelco Fleet Trust and had been used in the Bayer Corporation commercial car fleet ("**Bayer**").

12. Moreover, the Vehicle had been retired from the Bayer fleet following a significant collision which resulted in frame and sub skin damage to the Vehicle.

13. Dealer had both actual and constructive knowledge of the prior fleet use history and the damage to the Vehicle at the time of its sale to Plaintiffs. Dealer intentionally concealed this information from Mr. Mendez to further its own interests, to wit, the sale of a previously wrecked commercial fleet vehicle for more than it was worth.

14. Based on the representations and the non-disclosures of the Dealership, Plaintiffs agreed to purchase the Vehicle.

15. Plaintiffs opted to finance the purchase of the Vehicle and had the

Dealership originate a Retail Installment Sales Contract to obtain financing through TD Bank ("**RISC**").

16. A true and correct copy of the partially redacted RISC is attached hereto and incorporated herein by reference as Exhibit "A."

17. Pursuant to the RISC, the purchase price of the Vehicle was $36,092.95.

18. After Plaintiffs completed the transaction to purchase and finance the Vehicle, Plaintiffs took possession of the Vehicle in the belief that they purchased reliable transportation.

19. Following the consummation of the transaction, Dealership assigned the RISC to TD Bank upon unknown terms and for unknown consideration.

20. Following the consummation of the transaction, Mr. Mendez began to grow suspicious about the Vehicle's mechanical condition as the Vehicle began to experience anomalies that were not germane to a well-maintained, newer model vehicle.

21. Mr. Mendez delivered the Vehicle to Defendant for warranty repair assistance following the illumination of warning lights on the dashboard.

22. Following an inspection of the Vehicle by Defendant, Mr. Mendez was informed for the first time that the Vehicle had sustained significant structural and frame damage.

23. Defendant also informed Mr. Mendez that the damage was of such an extent that Defendant was unable to complete the warranty repairs to the Vehicle. In turn, Defendant delivered the Vehicle to Grieco Chevrolet's body shop to attempt repairs to mitigate the frame damage.

24. Notwithstanding the Defendant's attempts to rectify the frame damage, the Vehicle remains in a state of disrepair.

25. As a part of the due diligence of Plaintiffs in the preparation of the instant lawsuit, Plaintiffs obtained the title history for the Vehicle from the Florida Department of Motor Vehicles ("**Title History**").

26. Upon review of the Title History, Mr. Mendez was able to discern for the first time that the Vehicle had been previously used as fleet vehicle in the Bayer commercial car fleet prior to the Plaintiffs' purchase of the same.

27. In preparation for the instant suit, undersigned counsel for Plaintiffs drafted and timely delivered a demand letter pursuant to Fla. Stat. §501.98 to the Dealership in excess of thirty (30) days prior to the filing of the instant suit.

28. In addition, Plaintiffs delivered notice of intent to revoke acceptance of the Vehicle.

29. Accordingly, all conditions precedent to bringing this action have occurred, have been performed, or have been waived.

30. Had the Plaintiffs known the true history of the Vehicle's prior status

as a frame damaged commercial fleet vehicle, they would have not purchased it or paid significantly less for it.

31.  The Plaintiffs' actual damages include, but are not limited to, paying substantially more for the Vehicle than it was worth, abnormally high maintenance costs for the Vehicle due to the prior rental usage and alternate transportation costs.

## COUNT I
## ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT

32.  Plaintiffs reaffirm and reallege the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

33.   At all times material hereto, the Vehicle was a "motor vehicle" as said term is defined under 49 U.S.C. §32101(7).

34.  The Dealership failed to provide Plaintiffs with the actual title certificate for the Vehicle, for their examination and signature, as required by 49 U.S.C. §32705 and 49 C.F.R. §580.5.

35.  The title certificate for the Vehicle clearly designated the Vehicle as a commercial fleet vehicle owned by Bayer.

36.  A true and correct copy of the title certificate is attached hereto as Exhibit "B" ("**Title Certificate**").

37.  By not producing the Title Certificate for inspection and signature, the Dealership was able to hide from Plaintiffs material facts related to the prior ownership of the Vehicle including the fact that the Vehicle was previously used as

part of a commercial fleet.

38. Instead of complying with the requirements of the Act, the Dealership required Plaintiffs to sign a motor vehicle title reassignment supplement, and an application for certificate of title.

39. True and correct copies of the Transfer Forms are attached hereto as Composite Exhibit "C" (hereinafter referred to collectively as the "**Transfer Forms**").

40. Through this tactic, the Dealership was able to circumvent the requirements of the Act, thereby concealing the prior ownership history of the Vehicle.

41. The Dealership designed and employed this tactic of requesting Plaintiffs to execute the Transfer Forms instead of the actual title certificate as required under federal law with the specific intent of perpetuating a fraud and deception on Plaintiffs.

42. As an experienced motor vehicle dealer, the Dealership knew or should have known of the Act and its regulatory requirements regarding disclosures and deliberately and recklessly disregarded what the law required.

43. The Dealership deliberately deceived Plaintiffs through the oral and written misrepresentations and non-disclosures referred to above.

44. The Dealership has violated the Act in that the Dealership made a false

statement to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4.

45. The Dealership violated the Act with the specific intent to defraud.

46. As a direct and proximate result of the violations of the Act, the Dealership is liable to Plaintiffs in the sum of three times the actual damages or $10,000.00, whichever is greater.

47. Plaintiffs retained the undersigned counsel to represent their interest herein and are obligated to pay said counsel a reasonable fee for their services.

48. Pursuant to 49 U.S.C. §32710(b), Plaintiffs are entitled to recover reasonable attorneys' fees and court costs upon entry of judgment in their favor.

**WHEREFORE**, Plaintiffs, CARLOS NOEL MENDEZ, an individual, and MAGIC CITY ENTERTAINMENT, LLC a Florida limited liability company, demand judgment in their favor against Defendant, GREICO CHEVROLET FORT LAUDERDALE LLC, d/b/a GREICO CHEVROLET OF FORT LAUDERDALE, a Florida Limited Liability Company for damages, together with interest, court costs and attorneys' fees pursuant to 49 U.S.C. §32710(b).

## COUNT II
## ACTION FOR VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

49. Plaintiffs realleges and reaffirms the allegations contained in Paragraphs 1 through 48 above as if set forth hereat in full.

50. At all times material hereto, Plaintiffs were each an "interested party or

person" as said term is defined under Florida Statutes §501.203(6).

51. At all times material hereto, the Vehicle was a "motor vehicle" and "used motor vehicle" as said terms are defined under Florida Statutes §320.01(1) and §319.001(11), respectively.

52. By virtue of the acts described above, the Dealership was engaged in "trade or commerce" as said term is defined under Florida Statutes §501.203(8).

53. During the course of the sale and financing of the Vehicle, the Dealership violated the requirements of Florida Statutes Chapter 320, known more commonly as the "Florida Motor Vehicle Licenses Act", in the following respects:

    A. By misrepresenting or making false, deceptive or misleading statements with regard to the sale of the Vehicle in violation of Florida Statutes §320.27(b)3; and,

    B. By perpetrating fraud upon Plaintiff in connection with the sale of the Vehicle in violation of Florida Statutes §320.27(9)(b)13.

54. The violation of the Florida Motor Vehicle License Act is a *per se* violation of the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**") pursuant to Florida Statute §501.211(3)(c).

55. During the course of the sale and financing of the Vehicle, the Dealership violated the requirements of the Federal Odometer Act as detailed, *supra*.

56. The violation of the Federal Odometer Act is a *per se* violation of the

FDUTPA pursuant to Florida Statute §501.211(3)(c).

57. As a direct and proximate result of the violation of the FDUTPA, Plaintiffs have been damaged and is an aggrieved person under the FDUTPA.

58. As more particularly described above, the Dealership has engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statutes §501.204(1).

59. Pursuant to Florida Statutes §501.211, Plaintiffs are entitled to obtain a declaratory judgment that the acts and practices of the Dealership under the FDUTPA and to enjoin the Dealership from further violations of the FDUTPA.

60. It is in the interest of protection of consumers that the Dealership be prohibited and proscribed from further violations of the FDUTPA as described above.

61. Plaintiffs have retained the undersigned law offices to represent their interests herein and is obligated to pay a reasonable fee for their services.

**WHEREFORE**, Plaintiffs, CARLOS NOEL MENDEZ, an individual, and MAGIC CITY ENTERTAINMENT, LLC a Florida limited liability company, demand judgment in their favor against Defendant, GREICO CHEVROLET FORT LAUDERDALE LLC, d/b/a GREICO CHEVROLET OF FORT LAUDERDALE, a Florida limited liability company, for:

A. Declaratory relief against Defendant adjudicating that the actions of Defendant as described above constitute a violation of the FDUTPA;

B. Injunctive relief against Defendant prohibiting Defendant from further violations of the FDUTPA as described above;

C. Actual damages in an amount to be determined at trial; and

D. Attorney's fees and court costs pursuant to Florida Statute §501.2105.

## COUNT III
## ACTION FOR FRAUD

62. Plaintiffs realleges and reaffirms the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

63. As more particularly described above, the Dealership misrepresented and omitted material facts concerning the transaction to purchase and finance the Vehicle.

64. The Dealership omitted material facts by failing to disclose that the Vehicle had been previously used as a commercial fleet vehicle and involved in an accident that resulted in frame and sub skin damage.

65. The Dealership knew that the representations above were false, or made such representations recklessly, when the Dealership had no reasonable grounds for believing those representations were true.

66. The Dealership knew that the omissions concerning the Vehicle were material and important.

67. The Dealership intended to deceive Plaintiffs and Plaintiffs relied upon the misrepresentations and omissions to their detriment.

68. As a direct and proximate result of the fraud and non-disclosures by the Dealership, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs, CARLOS NOEL MENDEZ, an individual, and MAGIC CITY ENTERTAINMENT, LLC, a Florida limited liability company, demand judgment in their favor against Defendant, GREICO CHEVROLET FORT LAUDERDALE LLC, d/b/a GREICO CHEVROLET OF FORT LAUDERDALE, a Florida limited liability company, for damages together with costs.

## COUNT IV
## BREACH OF IMPLIED WARRANTY

69. This is an action for breach of implied warranty under the Magnusson Moss Warranty Act, 15 U.S.C. §2310(d), et. sequi ("**Warranty Act**").

70. Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 31 above as if set forth hereat in full.

71. Plaintiffs received an implied warranty of merchantability from Dealer, wherein Dealer promised that the Vehicle would be fit for the ordinary purpose for which such vehicles are normally used.

72. The implied warranty is an "Implied warranty" as defined in the MMWA, 15 U.S.C. §2301(7).

73. Any attempts to disclaim the implied warranty by Dealer are invalid as

the Dealer entered into a service contract along with the purchase of the Vehicle.

74. At all times material, the Vehicle was riddled with latent defects that could not be discovered by Plaintiff prior to Plaintiffs' purchase of the vehicle.

75. Based on said defects, the Vehicle is no longer fit for the ordinary purpose of providing safe, efficient, and reliable transportation.

76. Dealer's unwillingness and inability to adequately repair the above-described defects constitutes a breach of the implied warranty.

77. Dealer was provided notice of the Vehicle's defects and sufficient opportunities to repair the defects.

78. The Vehicle has not been properly repaired under the implied warranty and continues to be in a defective condition.

79. Plaintiffs have been damaged as a result of Dealer's breach of the implied warranty.

**WHEREFORE**, Plaintiffs, CARLOS NOEL MENDEZ, an individual, and MAGIC CITY ENTERTAINMENT, LLC a Florida limited liability company, demand judgment in their favor against Defendant, GREICO CHEVROLET FORT LAUDERDALE LLC, d/b/a GREICO CHEVROLET OF FORT LAUDERDALE, a Florida limited liability company, for the following:

A. A refund of the entire purchase amount paid by Plaintiffs for the subject vehicle;

B. Declaring acceptance has been properly revoked by Plaintiffs and for

damages incurred in revoking acceptance;

    C.    Special circumstantial damages in a proximate amount to be determined at or before trial;

    D.    The difference in value of the Vehicle as promised and as actually delivered;

    E.    Consequential, incidental and actual damages;

    F.    Costs, interest and attorneys' fees pursuant to 15 U.S.C.§2310(d)(2); and,

    G.    Such other relief this Court deems appropriate.

## COUNT V
## REVOCATION OF ACCEPTANCE

80.    This is a claim for revocation of acceptance pursuant to the Warranty Act.

81.    Plaintiffs reaffirm and realleges the allegations contained in Paragraphs 1 through 31 and 69 through 79 above as if set forth hereat in full.

82.    Plaintiffs accepted the Vehicle without discovering the hereinabove-described defects because Plaintiffs were reasonably induced to accept the Vehicle based on Dealer's misrepresentations and omissions along with the difficulty of discovering the above facts.

83.    Dealer refused and continues to refuse to correct the nonconformities present in the Vehicle.

84.    The nonconformities substantially impair the value and use of the

Vehicle to the Plaintiffs.

85. Plaintiffs notified Dealer, verbally and in writing, that Plaintiffs were revoking acceptance.

86. Despite receipt of Plaintiffs' notices, Dealer failed to resolve the dispute.

**WHEREFORE**, Plaintiffs, CARLOS NOEL MENDEZ, an individual, and MAGIC CITY ENTERTAINMENT, LLC a Florida limited liability company, demand judgment in their favor against Defendant, GREICO CHEVROLET FORT LAUDERDALE LLC, d/b/a GREICO CHEVROLET OF FORT LAUDERDALE, a Florida limited liability company, for the following:

A. Declaring acceptance has been properly revoked by Plaintiffs and for damages incurred in revoking acceptance;

B. A refund of the entire purchase amount paid by Plaintiffs for the subject vehicle;

C. Consequential, incidental and actual damages;

D. Costs, interest and attorneys' fees pursuant to 15 U.S.C. §2310(d)(2); and,

E. Such other relief this Court deems appropriate.

### *DEMAND FOR JURY TRIAL*

Plaintiffs, CARLOS NOEL MENDEZ, an individual, and MAGIC CITY ENTERTAINMENT, LLC, a Florida limited liability company, pursuant to Rule

38(b), Federal Rules of Civil Procedure, demand a trial by jury of all issues so triable.

Dated: July 10, 2023

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison St.
208F
Hollywood, FL 33020
Tel: (954) 228-5674
Fax: (954) 697-0357

/s/ Darren R. Newhart, Esq.
DARREN R. NEWHART, ESQ.
FL Bar No.: 0115546
SARAH CIBULA FELLER, ESQ.
FL Bar No.: 1027809
Email: Darren@NewhartLegal.com
Sarah@NewhartLegal.com
**NEWHART LEGAL, P.A.**
P.O. BOX 1351
Loxahatchee, FL 33470
Tel: (561) 331-1806
Fax: (561) 473-2946

*Counsel for Plaintiff*