UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61308-DIMITROULEAS/AUGUSTIN-BIRCH

CARLOS NOEL MENDEZ and
MAGIC CITY ENTERTAINMENT LLC,

    Plaintiffs,

v.

GREICO CHEVROLET FORT
LAUDERDALE LLC, d/b/a GREICO
CHEVROLET OF FORT LAUDERDALE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO COMPEL BINDING ARBITRATION AND DISMISS ACTION WITH PREJUDICE**

The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation on Defendant Greico Chevrolet Fort Lauderdale LLC's Motion to Compel Binding Arbitration and Dismiss Action with Prejudice. DE 13; DE 14. The Motion is fully briefed, Plaintiffs Carlos Noel Mendez and Magic City Entertainment LLC having filed a Response and Defendant having filed a Reply. DE 15; DE 16. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that Defendant's Motion be **GRANTED IN PART AND DENIED IN PART**.

Plaintiffs filed a five-count Complaint raising claims of violation of the Federal Odometer Act, violation of the Florida Deceptive and Unfair Trade Practices Act, fraud, breach of implied warranty, and revocation of acceptance. DE 1. In the Motion now before the Court, Defendant

contends that all of these claims must be submitted to binding arbitration under a Vehicle Buyer's Order and a Retail Installment Sale Contract that Plaintiffs signed.  *See* DE 13-1 and -2.  Defendant further contends that, because all of the claims in this litigation are arbitrable, the case should be dismissed with prejudice.

Plaintiffs make two arguments in response to Defendant's Motion.  First, Plaintiffs assert that the Motion should be denied due to Defendant's failure to confer with their counsel before filing the Motion, in violation of this District's Local Rule.  *See* Southern District of Florida Local Rule 7.1(a)(3) (requiring pre-filing conferral for motions with limited exceptions).  Motions to involuntarily dismiss an action do not require conferral.  *Id.*  Moreover, even if Defendant should have complied with the Local Rule's conferral requirement, Defendant's Reply details discussions that its counsel had with Plaintiffs' counsel about the arbitrability of their claims, demonstrating that the parties did confer about the issue.  Although the Motion lacks a conferral certification as the Local Rule requires, as a matter of judicial economy the Motion should not be denied simply to be refiled containing a conferral certification.  The Court recommends that the Motion not be denied for lack of conferral.

Plaintiffs concede that, if the Motion is not denied for lack of conferral, then binding arbitration should be compelled.  However, their second argument in response to the Motion is that the case should be stayed rather than dismissed.

Under the Federal Arbitration Act:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties *stay* the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). Actions subject to arbitration should be stayed rather than dismissed. *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that the state law claims were subject to arbitration, but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."); *see also Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) ("For arbitrable issues, the language of Section 3 indicates that the stay is mandatory."). Nevertheless, courts have been inconsistent on whether to dismiss or stay a case pending arbitration. *See Valiente v. Holiday CVS, LLC*, No. 20-cv-20382, 2020 WL 2404701, at *1-3 (S.D. Fla. May 12, 2020) (reviewing caselaw within this Circuit). Some courts have dismissed cases when all of the claims raised are arbitrable. *E.g., Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635, at *9 (S.D. Fla. Mar. 26, 2003) ("A case in which arbitration has been compelled may be dismissed in the proper circumstances, such as when all the issues raised in . . . court must be submitted to arbitration." (emphasis and quotation marks omitted)), *aff'd*, No. 03-12184, 2004 WL 5394012 (11th Cir. Jan. 26, 2004). Other courts have dismissed cases when no party requests a stay. *E.g., McGhee v. Mariner Fin., LLC*, No. 1:19-CV-00934, 2019 WL 5491825, at *6 (N.D. Ga. Aug. 7, 2019) ("In this case, Defendant sought dismissal of the claims in Counts 9 and 10, and did not request a stay. Under such circumstances, the court finds that the mandate of [9 U.S.C.] § 3 does not apply and that dismissal of the claims in Counts 9 and 10, with an order to arbitrate, is the proper relief." (citation omitted)), *report and recommendation adopted sub nom. McGhee v. Equifax Info. Servs., LLC*, 2019 WL 5491811 (N.D. Ga. Sept. 5, 2019).

Here, Plaintiffs have requested a stay, making a stay proper under 9 U.S.C. § 3. In addition, Defendant states in its Reply that it has no objection to a stay rather than dismissal. The Court recommends that a stay is the appropriate procedural result under these circumstances.

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion to Compel Binding Arbitration and Dismiss Action with Prejudice [DE 13] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends that the Motion be granted in that the parties be compelled to arbitrate the claims Plaintiffs pled in the Complaint. The Court recommends that Defendant's request for the case to be dismissed with prejudice be denied and that the case instead be stayed pending arbitration. Finally, Defendant requests an enlargement of time to file a Motion to Dismiss if the parties are not compelled to arbitrate. The Court recommends that this request be denied as moot.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 18th day of September, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE